Mr. Mattson. Good morning, your honors, and may it please the court, Chandler Mattson on behalf of Karl Martin. Your honors, there are several, I would think, interesting issues, I hope, in this case, because it was one of the rare cases that we see of asserted entrapment defense. It's relatively rare because it is admitting guilt on one hand, and on the other hand saying, but my guilt is the consequence of police interaction and pushing me into that guilt. That raised two issues that were raised on appeal. They're intertwined. One is that, obviously, with entrapment, the burden of proof gets a little different than normal cases because predisposition evidence comes into evidence to prove beyond a reasonable doubt, the prosecution proving beyond a reasonable doubt, that the defendant was in fact predisposed to commit the crime. Obviously, predisposition evidence is not otherwise admissible. That said, it is admissible in entrapment cases, but that does not open the door to what happened here, which is that hearsay is used to demonstrate that predisposition. I understand the prosecution has made the argument, and very specifically, I'm talking about police testifying on four occasions that they had received information that Mr. Martin was involved in drug dealing. It happened four times. That's not really hearsay, right? That's an explanation for why they decided to investigate Mr. Martin, right? I understand that it still could be prejudicial if the jury might credit it. That's a separate question. To start out, they're not introducing hearsay evidence. You're right, Your Honor. The judge admitted for the truth. Right, and I probably should be saying that- The question is whether it's unfairly prejudicial. My question is, even if it were prejudicial, why wouldn't it be harmless? You have the cooperative witnesses all testifying that his phone records showed that he had drug customers and so on, and so the officers just stated that we did our investigation because we heard that he was involved in drugs. It doesn't seem to add prejudice beyond what was already introduced. Because in those instances, the judge was properly admitted, the defense had an opportunity to at least, in the case of the cooperating witnesses, cross-examine those witnesses. In the case of the confidential informant who came in and said I was dealing with Carl Martin, the defense had the opportunity to point out that the confidential informant engaged in two separate drug transactions with Carl Martin that both yielded fake drugs, i.e. whatever assertion he made about drug dealing, what it produced was that Carl Martin sold two counterfeit substances to that confidential informant. And you didn't have an opportunity to cross-examine the officers? The officers, but there was no source of information, Judge. They're not the gut lines here, right? Correct. So a question about that, I'm sorry to jump in, but we're treating these statements as all interchangeable, and I'm wondering whether all of these hearsay statements are the same. One says, confidential informant provided information to the drug task force about Carl Martin and narcotics distribution. It doesn't actually make an assertion as to what Carl Martin's relationship is to narcotics distribution. Contrast that, that's the first statement from Brown, contrast that with the statement it was something to the effect that Carl Martin was selling larger weights of drugs. Now, I 100% get that that second one is an assertion of fact, the claims that it's not being offered for the truth of the matter but there's really no reason the jury needs to hear it other than the fact of the truth. But why isn't that first formulation kind of exactly what should be the answer to the question? The first formulation is closer, Your Honor, to what I think should be the preferred introduction of such evidence, which is to say, we conduct an investigation based on information. Why does it have to say concerning Carl Martin and narcotics? No jury can listen to that information Is it obvious to any juror that the government was investigating him because it had a reason for thinking he was selling drugs? I mean, if they just said we did it based on information or we did it based on information that indicated he might be involved in drugs, what's the difference between those statements if we're talking about a drug investigation? Well, Judge, of course the jury is going to think that he was being investigated because they had information. It's one thing to allow the jury to assume that he's being investigated because of information received. It's another thing to tell the jury over and over again, though, that they were investigating Carl Martin because they had reports of narcotics involving Carl Martin. Especially in a case where the burden of proof on predisposition is on the government and predisposition evidence is, again, necessary in entrapment cases, obviously, but predisposition evidence in other cases we know is incredibly prejudicial and it's problematic and jurors take it the wrong way and so we had to be very careful in this case. Obviously, predisposition evidence was going to come into evidence but it should have come in the right way and this was just adding to the hypothesis. No, go ahead and finish your thought. I didn't want to interrupt. This was just adding to the government's burden of proof. Again, they did it sometimes correctly and other times incorrectly. Did you, and I'm not casting dispersions, but did you ask for a limiting instruction or was a limiting instruction given with regard to that testimony? I did not, your honor. I did not ask for a limited instruction. No. You did object, right? I did object, yes. I mean, the court could have, it's a long time since I tried the case, but we do see on occasion some, because we see this background evidence often in cases. Did it come to your attention that so-and-so or did so-and-so come to your attention during an investigation? And oftentimes the courts will say, tell the jury, the fact that it came to the attention is not in any way indicative that the defendant did or did not do, you know, it's not proof of the acts itself. Certainly, that was available to the court, but the court didn't offer that instruction or you didn't ask for it? I did not ask for a judge and my experience is that it draws more attention to So the horse was out of the barn? Yes, your honor. And I knew predisposition was, of course, again, it was coming in, in this case, that door was open and I was being extremely careful about it because predisposition evidence to combat entrapment has the ancillary effect of just telling that jury this guy's a criminal. So I asked you a moment ago why isn't it harmless because there was all this other evidence about Martin being involved in drugs and you said, well, in the case of the other testimony, you could cross-examine the declarant, but here you couldn't. But that doesn't really show what the prejudice was. So what testimony would you have elicited or what difference would it have made if you could cross-examine the declarants? What do you think it added, that added to the prejudice? Well, well, your honor, exactly what happened when the police officer, Detective Prack, who the defense called, said that I received the information from the confidential informant. I could deal with that information even without the confidential informant because I knew the confidential informant had engaged in undercover buys with Carl Martin that yielded counterfeit substances. If I have some basis for understanding where the information comes from, in defense, I can put it into context and undercut it. I could even make an argument to the jury that the fact that the report came from someone who's incredible. You could cross-examine the confidential informant and say that, you know, they actually have more limited knowledge. If what's before the jury is the idea that the government received information that he was involved in drugs, isn't that still true after you cross-examine a confidential informant? And so it's actually put in context for the jury that they received information, but maybe it wasn't the most reliable information because of your cross-examination. Well, Judge, again, the way this came in with this amorphous, we received information that Carl Martin was involved in narcotics and selling drugs in larger weights, whatever form it was in, gave this generalized notion to the jury that he was a drug dealer. And again, I did not see that it could be taken for the statement of mind of the police officers, and quite frankly, statement of or state of mind of police officers wasn't at issue in this case. In the entrapment case, the question is whether the defendant's state of mind is that he is predisposed to distributing drugs, not the police officer's entrapment case if the officers just gratuitously, you know, went and tried to set up a buy with Martin, right? So the fact that they were doing it based on information helps the government. I agree, Judge. It is a relevant piece of information. I understand why the government would like to do that. Thank you, Your Honor. Okay, thank you very much, Mr. Matson. Let's turn to the government, Ms. Fuller. Good morning, Your Honors. May it please the court, my name is Wendy Fuller and I represent the United States. Just to pick up on the line of questioning from Your Honor a moment ago about the purpose of the hearsay here, I'm heartened to hear that the defense indicate that there was a non-hearsay purpose. The whole point of that testimony was because, and this is critical to this whole issue, and it's something that the defense doesn't acknowledge, is that in his opening statement he said, and this is found at the trial transcript at page 47, the defense indicated to the jury, quote, Carl Martin wasn't a drug dealer and he got pushed into this position. So the whole reason that the government had the agents explain why they were doing what they were doing is because Carl Martin opened that door. He made the claim to the jury that he wasn't a drug dealer, that he was pushed into being one because of the actions of law enforcement. That goes to why the government might have a legitimate opportunity to present evidence that he was in fact a drug dealer. I understand the challenge to be you can't do that through unlawful hearsay any more than you can do anything legitimate. The reason you bring in evidence that you could legitimately bring in in terms of its subject matter through hearsay. I the door to the government's position that it can therefore present the jury with unattributed rumors accusing him of being a drug dealer. Because the government's argument is that it's not hearsay. It goes to the agent's state of mind. But we're not, the agent's not on trial here. Why do we care about the agent's state of mind? We care, don't we? Well, I'd push back a little bit. I'm going to go back to the case of Perez, 18F365 at page 71. This court specifically said, and I'll quote, they're talking about non-hearsay and when it's appropriate and when it's not. The quote is, when this happens, when the government seeks to, you know, put in testimony about an agent's state of mind, quote, it can be important for the government to show the jury that the agent had a valid reason to investigate the defendant. Such tactics by the defendant can result in opening the door to the receipt of even prejudicial declarations for the non-hearsay purpose of explaining the agent's actions. This court followed up in the Johnson decision in a footnote at, in the footnote. This said essentially the same thing, that when the defense puts this at issue, which he clearly did in his opening statement and through the entire case. So you're defending against the entrapment defense and so that means that you want, you can show that the officers open, you know, organized the controlled buys because they had reason for doing so, not because they had a kind of animus toward Mr. Martin. But even if it's admissible for a non-hearsay purpose, it might still be unfairly prejudicial, right? So what about, you know, these kinds of statements about weight information that he was selling at higher weights isn't that kind of getting in details from hearsay that it really should be something to direct testimony? I don't think it is prejudicial in this case because of what your honor mentioned earlier is that even if there was error here, it is entirely harmless. The government's case was incredibly strong and that's an aspect that the defense doesn't talk about in its brief. We had controlled buys into Mr. Martin. We had text messages setting up those controlled buys with audio recorded, video recorded, extensive law enforcement surveillance. We purchased cocaine from him. That cocaine tested positive for cocaine and then we had two cooperating witnesses who also testified that they themselves were getting drugs from Mr. Martin and critically they said we were getting drugs from Mr. Martin way before law enforcement ever became involved in this case. And then we also have Mr. Martin's cell phone and his cell phone contained extensive communications not only concerning the controlled buys but with other people who were other people not connected to the case that Mr. Martin was selling to. So the error is entirely harmless, one, because the evidence here was overwhelming even without that. Two, there was no prosecutorial misconduct here. This is distinctly different than the court's decision in Johnson. It was a very limited answer about why they became involved in this case. There were four occasions and the defense only objected to two of them. Third, and I think this is the most compelling part about this, the defense just indicated they called Trooper Pratt who was a law enforcement officer who was marginally involved in some of the investigation into Carl Martin. This was a defense witness and Trooper Pratt testified on on direct exam extensively to out-of-court statements which I didn't object to because they were favorable to the government but extensive conversations that he had with the CI in this case about the drug dealing of Mr. Martin even before law enforcement became involved. And then the defense it admitted approximately six to seven hundred pages of text messages between the CI and Trooper Pratt which contained those very statements to law enforcement about the fact that Mr. Martin was dealing drugs according to the CI. So even if you were to remove find error in the agent's testimony as to those limited things they said, the defense's own witness said the exact same thing and backed that up with six to seven hundred pages of text messages which are peppered with statements from the CI about Carl Martin's drug dealing. They're simply from the government's perspective no error here but even if there is error the guilt was overwhelming and the defendant's own evidence establishes that Carl Martin was a drug dealer well before he became involved. What about the point that in the case of those other, oh I guess you're saying that he actually wasn't cross-examining the declarant because some of that text messages and so on was hearsay evidence? Correct yes your honor. But you know do you have a more general response to Mr. Mattson's argument that you know if he could cross-examine the declarant then maybe it would have revealed that the information on which the government relied was pretty thin? He could have called he could have called the CI. I mean the CI was on his witness list for a period of time he certainly could have called him. I mean he was content with the text messages between the CI and Trooper Pratt if he wanted to cross-examine the CI about you know his his frame of reference for Mr. Martin's drug dealing he he easily could have done so. Your honor if you don't have any other questions I'd be content to rely on my brief for the rest of the arguments. Okay thank you very much. Thank you. Thank you again your honors. Starting with the opening statement and the pressure on Mr. Martin to sell drugs of course that's the nature of entrapment that the police officers introduced the idea of the drug dealing and prior to that he was not so predisposed. That does not open the door and does not make relevant the state of mind of the police officers. No one would assert an entrapment offense if it meant the police officer got came come on and stand say gosh shucks you know we're just good guys trying to you know go out and get bad guys and criminals right which is essentially what was happening here. You agreed with me a moment ago that it is at least relevant what their opening they weren't organizing controlled buys out of animus toward Mr. Martin but they had a reason for acting because Fuller you know cited some case law where we've said something to that effect so it's relevant right and your argument was even though it's relevant their state of mind you know this this particular testimony was unfairly prejudicial. Your honor actually the defense at one point brought up with the judge that it might be appropriate to get into a lack of prosecution of Mr. Martin that preceded this investigation that may have spearheaded the investigation i.e. that the law enforcement officers involved in this investigation saw that he wasn't prosecuted in something else and therefore would have been motivated to investigate him in almost retribution for the lack of prosecutorial involvement when the judge said no judge said no sheller you can't do that he called me attorney Madsen actually but in any case I I agree the state of mind of the police officer is not relevant was the theory that you were promoting that this was a response to the nectar shooting correct your honor correct your honor and when that wasn't prosecuted isn't that a different argument as to whether you were able to cross-examine the officers about their motivations is a different question about whether there was improper hearsay admitted well judge I'm mainly trying to make the point that the state of mind of the police officers is not relevant and it's inherently confusing where the jury is supposed to be hearing about predisposition and deciding whether it's been proven beyond a reasonable doubt that you're not opening the door by asserting entrapment to the notion of the police officers had good faith basis your client's predisposition has nothing to do with the officer's motivation if the officer's motivation was relevant I suppose had there had there been allegations of transactions but those hadn't actually occurred or the officers had somehow manipulated evidence that might be relevant but their motivation whether they were unhappy with marking because of earlier opportunities doesn't go to whether martin was predisposed or not correct your honor that's right so so so why is the officer's motivation relevant it's not judge it's not was right to exclude your evidence about whether the motivation of the officers that's correct okay that's correct um and you don't think it's even relevant to say that the investigation of the controlled buys was based on some probable cause that the government had right judge I don't I it's not even relevant it's not relevant the only question is whether he was predisposed prior to the first drug sale with law enforcement you got an acquittal on the gun charge your honor I'm sorry you got an acquittal on the gun charge thank you your honor okay thank you thank you very much mr thank you